# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7350 | **DATE** | 1/15/2002 |
| **CASE TITLE** | PEACEABLE PLANET, INC. vs. TY, INC. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant H. Ty Warner's motion to dismiss [4-1] is denied. Defendant H. Ty Warner's answer to the complaint to be filed by 2/13/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 18 2002 | |
| | Notified counsel by telephone. | | date docketed | 24 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 JAN 17 PM 3:33 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEACEABLE PLANET, INC.,  )
a Georgia Corporation,    )
                          )
        Plaintiff,        ) Case No. 01 C 7350
                          )
                          ) Hon. John W. Darrah
        v.                )
                          )
TY, INC., a Delaware Corporation and )
H. TY WARNER, an Individual Illinois )
Resident,                 )
                          )
        Defendants.       )
                          )

## MEMORANDUM OPINION AND ORDER

Defendant, H. Ty Warner, moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's, Peaceable Planet, Inc.'s, complaint. For the reasons set forth below, Warner's Motion to Dismiss [14-1] is denied.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail

-1-

the facts upon which he bases his claim'" [citation omitted], he must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

Plaintiff, Peaceable Planet ("Peaceable Planet"), has filed a six-count complaint against Defendants, Ty, Inc. ("Ty") and H. Ty Warner ("Warner"), alleging claims for trademark infringement, false designation of origin, false description or representation, false advertising, and related unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1117, 1125 (2001) (Counts I and II); two claims for violations of the Illinois Deceptive Trade Practices Act, 815 Ill. Comp. Stat 510, *et seq.* (Count III), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505, *et seq.* (Count IV); and two claims for common law trademark infringement (Count V) and disparagement (Count VI). For purposes of this Motion to Dismiss, the following allegations are taken as true.

Peaceable Planet, a Georgia corporation with its principal place of business in Savannah, Georgia, sells a line of plush bean bag animals under the trademark PEACEABLES. Each bean bag animal in the PEACEABLES line has a character name which is printed on tags connected to the bean bag animal. This name is used to distinguish Peaceable Planet's bean bag animals from those of other companies and functions as a trademark.

Peaceable Planet is the exclusive owner of the NILES mark. It began shipping in interstate commerce a plush bean bag camel bearing the mark PEACEABLE PLANET'S NILES ("Niles the

camel") no later than May 1999. Peaceable Planet has been using this mark continuously in interstate commerce since that time.

Peaceable Planet made substantial efforts to promote and advertise its products and marks, including Niles the camel, and to develop good will in the minds of consumers. Niles the camel has been sold throughout the United States in specialty retailer stores, toy stores, and gift stores.

Ty, a Delaware corporation with its principal place of business in Westmont, Illinois, sells a line of plush bean bag animals under the mark BEANIE BABIES ("Beanie Babies"). Each Beanie Baby has a character name that is printed on the tag attached to the toy. The character name is followed by the symbol TM. These character names function as trademarks, distinguishing Ty's plush bean bag animals from plush bean bag animals sold by other companies.

Warner is the founder, President and Chief Executive Officer (CEO) of Ty. He is also Ty's sole shareholder. Warner is responsible for overseeing all aspects of Beanie Baby development, marketing and sales. Warner personally authorizes, directs and approves the final design and name of each Beanie Baby. He personally participates in the process of naming the Beanie Babies. He is the principal decision-maker and has the "final say" in the naming process.

Ty also makes a plush bean bag camel. Ty's plush bean bag camel is also named Niles ("Ty's Niles the camel"). Ty has used the name NILES in association with its bean bag camel in interstate commerce. Ty promoted and advertised Ty's Niles the camel through various media, including but not limited to catalogs and the internet. Ty's internet website has been visited billions of times by consumers. Ty has achieved widespread sales of Ty's Niles the camel throughout the United States in specialty retailer stores, toy stores and gift stores.

Warner participated, authorized and approved the final design and name of Ty's Niles the

camel. He personally promoted, offered for sale and sold Ty's Niles the camel.

Ty publishes materials, in association with the commercial promotion, advertising, offer for sale and sale of the Beanie Babies, in which it represents that it is the owner of the trademarks used as character names for its Beanie Babies, including the use of NILES as a trademark for a plush bean bag camel. Warner, as the principal decision-maker in the promotion, advertising, offers for sale and sales of Beanie Babies, including Ty's Niles the camel, has approved and authorized Ty's actions.

On March 22, 2000, Peaceable Planet filed an application to register Peaceable Planet's NILES trademark with the United States Patent and Trademark Office ("PTO"). On January 23, 2001, the PTO published Peaceable Planet's NILES trademark for opposition. On May 23, 2001, Ty filed, with the PTO, a Notice of Opposition to the registration of Peaceable Planet's NILES trademark.

Ty received a written cease and desist letter from Peaceable Planet, including notification of Peaceable Planet's Niles the camel and Peaceable Planet's NILES trademark no later than March 2000. Despite this notice of Peaceable Planet's product and trademark in the name Niles, Ty and Warner continue to use the name as a trademark in interstate commerce. Peaceable Planet has not granted Ty a license or permission to use the name in commerce.

Ty has been sued by Imperial Toy Corporation ("Imperial") for infringement of Imperial's trademark ROARY for a bean bag animal and involved in other trademark disputes concerning the character names Ty has used for its Beanie Babies. Ty has also asserted alleged violations of its alleged rights in trademarks and copyrights relating to products in its Beanie Babies line.

## DISCUSSION

Warner has moved, pursuant to Rule 12(b)(6), to dismiss the complaint, arguing that

Peaceable Planet has failed to state a claim against him because it has not pled the "special showing" required to pursue an infringement claim against an individual based on the acts of a corporation.

In *Dangler v. Imperial Machine Co.*, 11 F.2d 945, 947 (1926), the Seventh Circuit held that, absent some "special showing", the officers of a corporation are not liable for the infringements of the corporation, even though such infringements were committed under their direction, if they acted within the scope of their duties. The "special showing" required to pursue an infringement claim against an individual based on the acts of a corporation is the following:

> It is when the officer acts willfully and knowingly – that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability – that officers are held jointly with the company. The foregoing are by no means cited as the only instances when the officers may be held liable, but they are sufficient for the present case.

*Dangler*, 11 F.2d at 947. *Dangler* is still the law of the Seventh Circuit and has been applied to trademark and patent cases. *See, e.g., Panther Pumps & Equip. Co., Inc. v. Hydrocraft, Inc.*, 468 F.2d 225 (7th Cir. 1972); *Powder Power Tool Corp. v. Powder Actuated Tool Co.*, 230 F.2d 409 (7th Cir. 1956); *Drink Group, Inc. v. Gulfstream Communications, Inc.*, 7 F. Supp. 2d 1009 (N.D. Ill. 1998); *Cooper Indus. Inc. v. Juno Lighting Inc.*, 1 U.S.P.Q.2d 1313 (N.D. Ill. 1986).

In addition to the factors in *Dangler*, a plaintiff can meet the "special showing" requirement by pleading that the defendant was "the founder, president, and majority shareholder of [the defendant corporation] and the 'moving force' behind [the defendant corporation's] alleged infringing activities" and had "'willfully and deliberately induced, aided and abetted the past and continuing infringement.'" *Cooper Indus.*, 1 U.S.P.Q.2d at 1314. The "special showing" is also made in situations where the defendant "paid for nearly all the outstanding stock, . . . [and] lent [the

defendant corporation] substantial sums when it was in need of money." *Adventures in Good Eating, Inc. v. Best Places to Eat, Inc.*, 131 F.2d 809, 813 (7th Cir. 1942).

Courts have held that plaintiffs have failed to meet the "special showing" requirement when the individual defendant has done nothing beyond the scope of his duties as officer and the corporation "was not organized to permit [the individual defendant] to profit from infringement or hide his personal liability under a corporate shell" so that the alleged infringement was not willful. *Powder Power Tool*, 230 F.2d at 414.

Warner argues that Peaceable Planet has failed to make the "special showing" because it has not alleged that he acted outside the scope of his duties as an officer of Ty, its allegations of intentional infringement are not supported by sufficient facts, and it has not alleged that he organized the company solely to infringe its trademarks.

Peaceable Planet has alleged the "special showing" required to pursue an infringement claim against Warner based on the allegedly infringing acts of Ty. The complaint alleges that Warner is the founder, president, CEO and sole shareholder of Ty. The complaint further alleges that Warner: (1) "is responsible for overseeing" the development, marketing and sales of Beanie Babies; (2) "personally participates" in the design and naming of all Beanie Babies, including Ty's Niles the camel; (3) "approves, directs and approves the final design" of Beanie Babies, including naming Beanie Babies; (4) "approve[s] and authorize[s]" Ty's actions; and (5) "personally promote[s], offer[s] for sale, and [sells] Ty's Niles the camel." The complaint also alleges that Ty continued to use the mark NILES in interstate commerce after receiving Peaceable Planet's cease and desist letter.

These allegations support the inferences that Warner "personally participates in the manufacture or sale of the infringing article (acts other than as an officer), . . . uses the corporation

as an instrument to carry out his own willful and deliberate infringements, or . . . knowingly uses an irresponsible corporation with the purpose of avoiding personal liability." *Dangler*, 11 F.2d at 947.

Moreover, this language is sufficient to plead that Warner allegedly intentionally infringes Peaceable Planet's NILES trademark. "[Peaceable Planet] is under no obligation to plead further facts that [it] believes supports [its] claims." *Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998). Complaints "serve[] to put . . . defendant[s] on notice." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). The allegations in the complaint are sufficient to place Warner on notice of the intentional infringement claim being asserted against him. Therefore, Warner's Motion to Dismiss is denied.

## CONCLUSION

For the reasons stated above, Defendant H. Ty Warner's Motion to Dismiss [14-1] is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: January 15, 2002