**FILED**
MAR 1 0 2003 WP
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEACEABLE PLANET, INC., | Civil Action No. 01 C 7350 |
| Plaintiff, | |
| v. | Judge Darrah |
| TY INC. and H. TY WARNER, | Magistrate Judge Nolan |
| Defendants. | |

DOCKETED
MAR 20 2003

## NOTICE OF MOTION

To: Charles W. Shifley
Marc S. Cooperman
Scott A. Burow
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

**PLEASE TAKE NOTICE** that we will appear before the Honorable Judge Darrah, United States District Court Judge, United States District Courthouse, 219 South Dearborn, Chicago, Illinois, in Room 1203 or the courtroom usually occupied by him, at 9:00 a.m. or as soon thereafter as counsel may be heard on the 18th day of March 2003, and there and then present **Defendants' Motion To Strike The Declaration Of Plaintiff's Expert Jeffery Stec**, a copy of which is served on you herewith.

Dated: March 10, 2003

Respectfully submitted,

_Louise T. Walsh_

James P. White, Esq.
Laurie A. Haynie, Esq.
J. Aron Carnahan, Esq.
Louise T. Walsh, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza • 22nd Floor
Chicago, IL 60606
(312) 655-1500

Edward B. Ruff, III, Esq.
William W. Elinski, Esq.
PRETZEL & STOUFFER, CHTD.
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973

117

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED
MAR 10 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
MAR 20 2003

| | |
|---|---|
| PEACEABLE PLANET, INC., <br><br> Plaintiff, <br><br> v. <br><br> TY INC. and H. TY WARNER, <br><br> Defendants. | Civil Action No. 01 C 7350 <br><br> Judge Darrah <br><br> Magistrate Judge Nolan |

### DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF PLAINTIFF'S EXPERT JEFFERY STEC

Defendants Ty Inc. and H. Ty Warner ("Defendants" or "Ty") hereby move this Court to strike the declaration of Jeffery A. Stec, Ph.D. and all replies to Defendants' statements of additional facts and argument related thereto pursuant to Fed.R.Civ.P. 37(c)(1) because Dr. Stec's declaration is untimely. In its Reply Memorandum In Support Of Plaintiff's Motion For Partial Summary Judgment On Defendants' Sixth Affirmative Defense ("Pl.'s Reply") filed on February 21, 2003, Peaceable Planet, Inc. ("Plaintiff" or "Peaceable") attached as Exhibit X thereto the Declaration of Jeffery A. Stec, Ph.D. ("Stec Declaration"). Dr. Stec is a director at Intecap, Inc. ("Intecap")[1] and purports to be an expert in the area of survey research and survey methodological issues. Dr. Stec was not previously disclosed as an expert by Peaceable. Indeed, the Stec Declaration filed on February 21, 2003 in connection with Pl.'s Reply was the first notice Defendants had of Dr. Stec's involvement in this case. Because Dr. Stec's declaration was submitted long after the deadline for expert discovery and serving of expert reports, it is untimely. Furthermore, Peaceable's failure to timely disclose Dr. Stec is neither justified nor harmless. It therefore should be stricken pursuant to Rule 37(c)(1).

## BACKGROUND

On August 8, 2002, this Court entered a Scheduling Order that included the dates for the disclosure of experts and discovery in connection therewith.[2] Specifically, reports from expert witnesses under Rule 26(a)(2) were due from the party that bears the burden of proof at trial, by October 9, 2002; and from the responding party by October 28, 2002. (*See* Minute Order of August 8, 2002 attached as Exhibit A hereto.) Also, all expert discovery was to be completed by November 29, 2002. (*See id.*) The Scheduling Order also included dates thereafter for filing dispositive motions, including responses and replies thereto.

On October 9, 2002, Defendants served upon Plaintiff the expert report of Donald Pace, among others. The Pace Report pertained to a consumer survey conducted by Dr. Pace, which sought to determine the primary significance of the term "Niles," specifically, whether plush or stuffed toy purchasers perceived the word "Niles" as primarily only a person's name, primarily something other than a person's name, or both a person's name and something else.[3] (*See* Exhibit 6 to Defendants' Rule 56.1(a)(3) Statement Of Material Facts In Support Of Their Motion For Summary Judgment On The Issue Of Whether The Mark "Niles" Is A Protectible Trademark ("Defs.' Summ. J. Mot.") filed on December 13, 2002.) Peaceable did not file any rebuttal expert reports on October 28, 2002 directed to the Pace Report or any of Defendants' other expert reports. Peaceable deposed Dr. Pace on November 12, 2002.

On December 13, 2002, pursuant to the August 8th Scheduling Order, Peaceable filed Plaintiff's Motion For Partial Summary Judgment On Defendants' Sixth Affirmative Defense ("Pl.'s Summ. J. Mot.") based upon Peaceable's contention that the alleged mark "Niles" was not

---

[1] Plaintiff's other expert Brian Daniel is also employed by Intecap.
[2] This order amended a previously set Scheduling Order dated March 25, 2002.
[3] Defendants' position is that if the word "Niles" is considered primarily only a personal name, then it is descriptive and not protectible as a trademark without proof of secondary meaning.

descriptive. In its motion, Peaceable asserted that the survey conducted by Dr. Pace was biased because, among other reasons, "each respondent heard the phrase 'person's name' 42 times *before* being asked about the significance of 'Niles' to them." (*See* Pl.'s Summ. J. Mot. at p. 8 (emphasis in original).) On January 31, 2003, Defendants filed their response in opposition, which included a declaration by Dr. Pace with his report attached thereto. (*See* Exhibit 9 to Defendants' LR 56.1(b)(3)(A) & (B) Response To Plaintiff's LR 56.1(a)(3) Statement Of Facts In Support Of Plaintiff's Motion For Partial Summary Judgment On Defendants' Sixth Affirmative Defense ("Defs.' Summ. J. Resp.").)[4] Also attached to Defs.' Summ. J. Resp. was the declaration of Walter McCullough ("McCullough Decl."),[5] which was a rebuttal to the criticisms alluded to in Peaceable's brief, including its argument that the survey was biased because respondents heard the phrase "person's name" 42 times before being asked about the word "Niles." Indeed, Mr. McCullough concluded after analyzing the data for any purported "position bias" that no such bias existed. (*See* Exhibit 10 to Defs.' Summ. J. Resp. at ¶¶ 3-13.)

Attached as Exhibit X to Peaceable's Reply filed on February 21, 2003 is the declaration of Jeffrey A. Stec, which purports to be a response to the "position bias" analysis performed by Mr. McCullough. There can be no dispute that Peaceable seeks to offer Dr. Stec as an expert. As such, his disclosure is untimely because all expert reports were to be filed at the latest on October 28, 2002 and all expert discovery was to be completed by no later than November 29, 2002. Moreover, there is no excuse for Peaceable's untimely disclosure. It had Dr. Pace's Report on October 9, 2002. It could have sought Dr. Stec's opinion regarding any potential bias in Dr. Pace's survey at that time, and could have submitted Dr. Stec's declaration on October 28, 2002,

---

[4] This is the same declaration and report as contained in Exhibit 6 to Defs.' Summ. J. Mot.

[5] Mr. McCullough is the President of Monroe Mendelsohn Research, Inc., the same firm by whom Dr. Pace was employed. Defendants seek to substitute Mr. McCullough for Dr. Pace due to the sudden and

3

in accordance with this Court's August 8th Scheduling Order. Instead, Peaceable did not serve any expert rebuttal reports on October 28, 2002. Peaceable's disclosure of Dr. Stec when it filed its Reply in support of its summary judgment motion is thus untimely and should be stricken pursuant to Rule 37(c)(1).[6]

## ARGUMENT

### I. DR. STEC'S DECLARATION SHOULD BE EXCLUDED UNDER RULE 37(c)(1)

Rule 26(a)(2)(C) directs each party to disclose its expert reports "at the times and in the sequence directed by the court." Fed.R.Civ.P. 26(a)(2)(C). "Deadlines play an important role in the Court's ability to manage and control its docket, and the Court has the ability to establish and enforce its deadlines." *Baker v. Indian Prairie Community Unit, School Dist. No. 204*, 1999 WL 988799, at *2 (N.D.Ill. Oct. 27, 1999) (striking untimely expert opinions and data from plaintiff's experts' affidavits). Rule 37(c)(1) provides that "a party that without substantial justification fails to disclose information required by Rule 26(a)...*shall* not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any...information not so disclosed." Fed.R.Civ.P. 37(c)(1) (emphasis added). The Seventh Circuit has therefore held that a party's failure to comply with Rule 26(a) results in an "automatic and mandatory" exclusion of expert testimony under Rule 37(c)(1) "unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (affirming exclusion of expert report that was submitted *one business day* after the deadline); *see also Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) (affirming mandatory exclusion

---

untimely death of Dr. Pace on January 19, 2003, and have filed a motion to that effect simultaneously herewith.

[6] Additionally, Dr. Stec should be precluded from testifying at trial in the event Peaceable seeks Dr. Stec's testimony at trial.

4

of untimely expert rebuttal evidence where plaintiff failed to show that violation of deadline for disclosure was either justified or harmless); *Nutrasweet Co. v. X-L Engineering Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000) (affirming district court's limiting defendants' expert's testimony for failure to file supplemental expert report). Courts in the Seventh Circuit have thus consistently excluded expert reports that were not timely submitted where the failure to submit such reports was neither justified nor harmless. *See, e.g., Danis v. USN Communications, Inc.*, 121 F.Supp.2d 1183, 1189-90 (N.D.Ill. 2000) (court would not consider affidavit from plaintiff's expert that was submitted in response to defendant's summary judgment motion almost a month after the expert discovery deadline).

Moreover, Rule 37(c)(1) explicitly provides that untimely disclosures may not be used "at a trial, at a hearing, *or on a motion.*" Fed.R.Civ.P. 37(c)(1) (emphasis added); *see also Baker*, 1999 WL 988799 at *2 ("The sanction of exclusion applies at summary judgment as well as at trial."); *Danis*, 121 F.Supp.2d at 1089-90 (court would not consider affidavit from plaintiff's expert that was submitted in response to defendant's summary judgment motion almost a month after the expert discovery deadline); *Assoc. for Disabled Americans, Inc. v. Claypool Holdings LLC*, 2001 WL 1112109, at *12 (S.D. Ind. Aug. 6, 2001) (striking plaintiffs' expert report that had been submitted in response to defendant's motion for summary judgment); *Alper v. Altheimer & Gray*, 2002 WL 31133287, at *39-40 (N.D.Ill. Sep. 26, 2002) (striking affidavit of plaintiffs' expert that was submitted for first time with plaintiff's response to defendants' summary judgment motion); *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 59-61 (1st Cir. 2001) (affirming striking of affidavit of expert first disclosed in opposition to summary judgment motion where failure to disclose "deprived [defendant] of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of its own, or conduct expert-

related discovery"). Thus, under Rule 37(c)(1) and controlling Seventh Circuit authority, the Court must strike the Stec Declaration unless Peaceable can show that its failure to disclose Dr. Stec previously was either justified or harmless.

### A. Plaintiff's Late Disclosure Of Dr. Stec Is Not Justified

Peaceable cannot show that its failure to previously disclose Dr. Stec was justified. Peaceable had Dr. Pace's report on October 9, 2002. It could have hired Dr. Stec or some other expert at that time. Instead, Peaceable relied on the unsupported and baseless criticisms of Ty's consumer surveys made by Peaceable's attorneys' in its summary judgment briefings. These baseless criticisms, including the alleged "position bias," were conceived of long before the summary judgment motions. Indeed, Peaceable's attorney suggested such bias during Dr. Pace's deposition on November 12, 2002. (*See* Deposition of Donald Pace ("Pace Dep.") at pp. 154-161, attached hereto as Exhibit B.) Nonetheless, it was not until Ty, through the analysis performed by Mr. McCullough, demonstrated that Peaceable's criticism regarding the 42 times respondents heard the phrase "person's name" was easily disproven that Peaceable sought an opinion from an expert.

Moreover, Peaceable cannot claim that Dr. Stec's declaration was merely to rebut the declaration of Mr. McCullough. Although ostensibly the Stec Declaration was a response to the McCullough Declaration, presumably if Peaceable had sought out Dr. Stec to buttress its attorneys' accusations regarding the Pace survey, Dr. Stec would have performed the same or similar analysis as contained in his February 20th declaration. Thus, any opinions of Dr. Stec directed to the Pace survey should have been provided in the first instance, *i.e.*, on October 28th when responsive expert reports were due.

### B. Plaintiff's Late Disclosure Is Not Harmless

6

Peaceable has the burden to show that its failure was harmless; it is not Ty's burden to show that it was harmed. *See Finley*, 75 F.3d at 1230 (party to be sanctioned must show that its violation of Rule 26(a) was either justified or harmless); *see also Assoc. For Disabled Americans, Inc.*, 2001 WL 1112109, at *11 ("Sanctions may be imposed irrespective of harm to the opposing party in order to encourage compliance with the court's orders and [case management plans].").

In any event, Peaceable's failure to disclose Dr. Stec was not harmless. Expert discovery was concluded on November 29, 2003. Briefing of the parties' summary judgment motions is now complete. Ty's strategy regarding its summary judgment motions was based on the expert disclosures that were exchanged pursuant to this Court's August 8th Scheduling Order. Ty was never informed of Dr. Stec until Peaceable's February 21st Reply. Indeed, Peaceable waited until its Reply in support of its own summary judgment motion before submitting the Stec Declaration. It presumably could have submitted the Stec Declaration in response to Ty's summary judgment motion on the issue of the protectibility of the "Niles" trademark, when Ty would have at least had a chance to address it in its reply.[7] The result is that Ty is denied an opportunity to respond to the Stec Declaration without asking the Court for additional briefing on the issue. Moreover, Ty is precluded from deposing Dr. Stec since expert discovery was closed on November 29, 2002. Nor should it be reopened simply because Peaceable's disclosure is untimely.[8] Thus, Ty is unfairly prejudiced because it is precluded from responding to the Stec Declaration. *See In re Independent Serv. Orgs. Antitrust Litig.*, 114 F.Supp.2d 1070, 1100 (D.

---

[7] Peaceable's Motion For Partial Summary Judgment On Defendants' Sixth Affirmative Defense and Defendants' Motion For Summary Judgment On The Issue Of Whether The Mark "Niles" Is A Protectible Trademark are roughly mirror images of one another. The issue in both is whether the "Niles" mark is descriptive or not, and the Pace survey was submitted by Ty in support of its motion and in response to Peaceable's motion.

Kan. 2000) ("Xerox clearly is prejudiced by Dr. Gavin's declaration because CCS never revealed his name or opinions before it filed its opposition to the Xerox motion for summary judgment. To cure any prejudice, the Court would need to let Xerox depose Dr. Gavin, supplement its expert reports and/or affidavits, and submit a supplemental brief on its motion for summary judgment and in opposition to the CCS cross motion."); *Hermeling v. Montgomery Ward & Co., Inc.*, 851 F.Supp. 1369, 1376 (D. Minn. 1994) ("Hermeling's counsel's untimely disclosure has unfairly prejudiced Montgomery Ward in its preparation for this [summary judgment] motion by effectively precluding any type of formal rebuttal."); *Danis*, 121 F.Supp.2d at 1190 (consideration of plaintiff's expert's late opinion would be highly prejudicial to Deloitte because "[a]llowing plaintiffs to submit Berliner's contradictory affidavit after discovery ended would effectively preclude Deloitte from questioning Berliner on his tentative new conclusions, responding to his statements in their briefs, and deposing other witnesses that might have been called in response to Berliner's new conclusions."); *Ruhland v. Walter Kidde Portable Equipment, Inc.*, 179 F.R.D. 246, 250 (W.D. Wis. 1998) ("deadline for disclosure of expert witnesses was scheduled purposefully before the deadline for filing dispositive motions...to provide defendant an opportunity to formulate a dispositive motion on the basis of plaintiff's expert disclosures, with the consequent opportunity to avoid a trial."); *Lohnes*, 272 F.3d at 60 ("The [plaintiff's] failure to unveil his expert until after [defendant] had moved for summary judgment deprived [defendant] of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of its own, or conduct expert-related discovery. This is exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate.").

---

[8] This is unlike the situation with Ty's expert Mr. McCullough, who is being substituted solely due to the untimely death of Dr. Pace.

Because Peaceable's failure to disclose Dr. Stec was not justified or harmless, the Stec Declaration should be excluded pursuant to Rule 37(c)(1). Furthermore, Ty is entitled to its reasonable expenses for Peaceable's failure, including its attorney's fees for bringing this motion. *See* Fed.R.Civ.P. 37(c)(1).

## CONCLUSION

For the foregoing reasons, Ty respectfully requests that this Court strike the Stec Declaration from Pl.'s Summ. J. Reply, disregard all replies to Defendants' additional statements of fact in connection therewith, and preclude Dr. Stec from testifying at trial. Ty further requests its attorney's fees for bringing this motion.

Dated: March 10, 2003

Respectfully submitted,

*Louise T. Walsh*

James P. White, Esq.
Laurie A. Haynie, Esq.
J. Aron Carnahan, Esq.
Louise T. Walsh, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza • 22nd Floor
Chicago, IL 60606
(312) 655-1500

Edward B. Ruff, III, Esq.
William W. Elinski, Esq.
PRETZEL & STOUFFER, CHTD.
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Notice of Motion** and **Defendants' Motion To Strike The Declaration Of Plaintiff's Expert Jeffery Stec** has been served this 10th day of March 2003 by messenger, on the following:

Charles W. Shifley
Marc S. Cooperman
Scott A. Burow
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Louise T. Walsh
Counsel for Defendants

# SEE CASE FILE FOR EXHIBITS