# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7350 | **DATE** | 12/17/2003 |
| **CASE TITLE** | Peaceable Planet Inc vs. Ty Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Status hearing held. For the reasons stated in the attached memorandum opinion and order, Ty's motion for attorney's fees and related nontaxable expenses [188-1, 188-2] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 18 2003 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | 206 |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| MF7 | courtroom deputy's initials | 03 DEC 17 AM 2:47 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEACEABLE PLANET, INC., )
 )
      Plaintiff, )
 )
v. ) No: 01 C 7350
 )
TY, INC., and ) Judge John W. Darrah
H. TY WARNER, )
 )
      Defendants. )

DEC 1 8 2003

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Peaceable Planet, Inc. ("Peaceable"), filed suit against the Defendants, Ty, Inc. and H. Ty Warner (collectively, "Ty"), for violations of federal and state trademark laws. Summary judgment was granted for Ty, and the case was dismissed. Now before the Court is Ty's Motion for Attorney's Fees and Related Nontaxable Expenses. For the following reasons, that Motion is denied.

## BACKGROUND

A more detailed explanation of the facts is set out in this Court's August 28, 2003 Memorandum Opinion and Order granting summary judgment to Ty. *Peaceable Planet, Inc. v. Ty, Inc.*, 01 C 7350, 2003 WL 22024992 (N.D. Ill. Aug. 28, 2003).

## ANALYSIS

The Lanham Act provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Ty contends that Peaceable's lawsuit was an exceptional case and that attorney's fees should be granted. In addition, attorney's fees

are available to a prevailing defendant under the Illinois Consumer Fraud Act, 815 ILCS § 505/10a(c), as well as the Illinois Deceptive Trade Practices Act, 815 ILCS 510/3.

Under either statute, a prevailing defendant must show that a lawsuit filed against it was "oppressive" to recover attorney's fees. *Door Sys., Inc. v. Pro-Line Door Sys., Inc.*, 126 F.3d 1028, 1030, 1032 (7th Cir. 1997). "[A] suit can be oppressive because of lack of merit and cost of defending even though the plaintiff honestly though mistakenly believes he has a good case and is not trying merely to extract a settlement based on the suit's nuisance value." *Door Sys.*, 126 F.3d at 1032. However, even if a suit is exceptional, a decision to award attorneys' fees is discretionary. *See PS Promotions, Inc. v. Stern*, 97 C 3742, 2001 WL 293033, at * 2 (N.D. Ill. Mar. 23, 2001) (citing *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1099 (7th Cir. 1994)).

Ty first argues that Peaceable should have known, prior to asserting its claims in this case, that the word "Niles" at least had some significance as a personal name, and that, therefore, Peaceable's lawsuit was so lacking in merit as to be "oppressive." According to Ty, Peaceable had no evidence to contradict that "Niles" was primarily used as a name, nor did Peaceable have any evidence that "Niles" acquired a secondary meaning.

However, as indicated in the summary judgment opinion dismissing this case, Peaceable was not required to contradict Ty's evidence that indicated "Niles" was primarily used as a name. Instead, if Niles was found to be a personal name, Peaceable would be required to present proof of a secondary meaning in order to find the term "Niles" was a valid trademark. *See, e.g., E. & J. Gallo Winery v. Gallo Co.*, 967 F.2d 1280, 1291 (9th Cir. 1992).

2

Peaceable presented evidence that "Niles" had a secondary meaning that was geographically suggestive. Peaceable attempted to attack the results of the survey offered by Ty. Peaceable presented its own expert to show that hundreds of thousands of people identified "Niles" with Peaceable. In addition, Peaceable presented evidence of some sales, advertising, and promotion of "Niles." Peaceable's evidence was not controlling regarding the central issue presented in the motion for summary judgment: whether the mark had acquired a secondary, geographically suggestive meaning. Accordingly, Ty was still granted summary judgment.

It does not follow, however, that Peaceable's lawsuit was not meritorious. A "court's rejection of Plaintiff's arguments does not mean that those arguments constituted an" oppressive lawsuit. *PS Promotions*, 2001 WL 293033, at * 3 (citations omitted). In addition to the evidence documented above, Peaceable had used the mark for over one year in connection with a plush camel toy before Ty marketed their own toy by the same name. Peaceable also attempted to register "Niles" as a trademark with the PTO. Under these circumstances, it would be unjust to require Peaceable to pay attorney's fees.

Next, Ty argues that Peaceable's lawsuit was so burdensome to defend as to be "oppressive." According to Ty, it and its insurer have spent over $2.3 million in attorney's fees and expenses conducting discovery, briefing various motions, and preparing for trial. Moreover, Ty contends that it was forced to take extensive discovery and file numerous motions in response to the positions taken by Peaceable.

A review of the record indicates a contentious lawsuit. Peaceable filed a at least sixteen motions, including six motions in limine. Ty filed at least thirty motions, nineteen of which were motions in limine. The parties filed nearly a hundred thousand documents, took fifty depositions,

and prepared over one-thousand exhibits for an eventual trial. However, there are no allegations by Ty that Peaceable was uncooperative, took unduly burdensome discovery, filed frivolous motions, or committed any other oppressive actions in litigating this case. *See S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627-28 (7th Cir. 2001) (determining that attorney's fees were appropriate, in part, because the plaintiff failed to respond to discovery requests, ignored local rules, and improperly served motions). Therefore, it cannot be said that Peaceable's lawsuit was so burdensome to defend as to be "oppressive."

## CONCLUSION

For the foregoing reasons, Ty's Motion for Attorney's Fees is denied.

Dated: December 17, 2003

JOHN W. DARRAH
United States District Judge