# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7350 | **DATE** | 12/17/2003 |
| **CASE TITLE** | Peaceable Planet Inc vs. Ty Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Ty's motion for costs and bill of costs [194-1] is granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | DEC 18 2003 date docketed | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 207 |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| MF | courtroom deputy's initials | 03 DEC 17 AM 2:47 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PEACEABLE PLANET, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 01 C 7350 |
| ) | |
| TY, INC., and ) | Judge John W. Darrah |
| H. TY WARNER, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
DEC 1 8 2003

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Peaceable Planet, Inc. ("Peaceable"), filed suit against the Defendants, Ty, Inc. and H. Ty Warner (collectively, "Ty"), for violations of federal and state trademark laws. Summary judgment was granted for Ty, and the case was dismissed. Now before the Court is Ty's Motion for Costs and Bill of Costs. For the following reasons, that motion is granted in part and denied in part.

## BACKGROUND

A more detailed explanation of the facts is set out in this Court's August 28, 2003 Memorandum Opinion and Order granting summary judgment to Ty. *Peaceable Planet, Inc. v. Ty, Inc.*, 01 C 7350, 2003 WL 22024992 (N.D. Ill. Aug. 28, 2003).

## LEGAL STANDARD

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of

papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the ward of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) ("*Weeks*"). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.

## ANALYSIS

Ty seeks a variety of costs for: (1) computerized legal research; (2) deposition transcripts and other related deposition expenses; (3) printing and witnesses fees and disbursements; and (4) copies, including copies filed with the court, copies of discovery documents, and copies of exhibits. In total, Ty seeks $172,416.20 in costs from Peaceable.

### *Computerized Legal Research*

Ty seeks $144,752.70 in costs for computerized legal research conducted on a variety of motions. However, as Peaceable points out, computerized legal research expenses are not recoverable as costs under § 1920. *See Haroco v. Am. Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir. 1994) (explaining that computerized legal research expenses are "considered attorney's fees"). Here, Ty's motion for attorney's fees has been denied in an another opinion issued concurrently herewith. Therefore, Ty cannot recover computerized legal research expenses as either attorney's fees or costs under § 1920.

### *Deposition Expenses*

Ty also seeks $16,720.91 in deposition transcripts and other related deposition expenses. "The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by

28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per each page for an original transcript, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party. *Amerisure Ins. Co v. Roll Serv., Inc.*, No. 01 C 5292, 2003 U.S. Dist. LEXIS 11221, at * 3 (N.D. Ill. July 2, 2003).

Peaceable primarily objects to these costs, and all the costs asserted by Ty, as excessive. According to Peaceable, Ty was victorious on one legal argument; and, therefore, Ty had no need to incur costs other than those in the ultimately victorious argument. However, as Ty states in its reply, this was a contentious lawsuit, involving a $21 million damage claim asserted by Peaceable. Each party filed numerous motions and took extensive depositions, but there have been no allegations that Ty filed frivolous motions or proceeded in bad faith. Ty was entitled to present non-frivolous defenses and use deposition transcripts to discover facts in support of its motion for summary judgment. Therefore, Peaceable's general objection to Ty's Bill of Costs is unfounded.

### Depositions Taken by Peaceable

Ty first seeks $2,187.88 in costs for deposition copies taken by Peaceable. Peaceable took twenty-one depositions, totaling 2,636 pages. Peaceable claims that, for some of the depositions, copies were not needed because the deponents were Ty employees. However, Ty needed these deposition transcripts as well for summary judgment and other motions. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Accordingly, Ty may recover all $2,187.88 in costs it seeks for copies of Peaceable's depositions.

3

### Depositions Taken by Ty

Ty asks for $8,035.55 in costs for original deposition transcripts, appearance fees charged by the stenographers, and a $106.50 conference room fee for the deposition of James Kernodle. Ty seeks up to $3.30 for each of the 1,971 deposition transcript pages, for a reasonable total of $6,402.30.

Ty also seeks $1,526.75 in costs for appearance fees for the stenographers. Included in these costs are hourly costs of up to $42.50, and flat fees of up to $150 for a full day. "[C]ourt reporter attendance fees ranging from $16.00 per hour to $68.75 are reasonable . . . ." *Hall v. City of Chicago*, No. 98 C 4682, 2003 U.S. Dist. LEXIS 11220, at *4 (N.D. Ill. July 2, 2003). All these costs, except for a $100 flat appearance fee, which does not disclose the length of time the stenographer was used, are reasonable and awarded. Therefore, Ty is awarded $1,426.75 in costs for appearance fees for the stenographers.

Ty lastly requests $106.50 in costs for a "conference room fee" to depose James Kernodle. Ty presents no cases or other authority that authorize conference room fees and does not explain why a conference room charge was incurred. Therefore, this cost will not be awarded to Ty.

### Sales Representative Depositions Taken by Ty

Ty requests $2,323.73 in deposition charges to depose sales representatives of Peaceable. These charges include 460 original deposition transcript pages at $3.30 a page, for a reasonable total of $1,518.00.

The charges also include $325 in stenographer appearance fees. All these costs, except for a $125 flat appearance fee, which does not disclose the length of time the stenographer was

4

used, are within the reasonable rate. Thus, Ty is awarded another $200 in costs. However, Ty's request for conference rooms fees in the amount of $540.73 are denied.

### Third-Party Depositions

Ty seeks $4,173.75 in costs for depositions taken to challenge the declarations filed by Peaceable, pursuant to Federal Rules of Evidence 902(11), purporting to authenticate third-party documents relating to plush toy trade shows. These costs include charges of up to $3.30 per page for an original deposition transcript and hourly court reporter appearance fees of $33.00 per hour. These fees, amounting to $3,612.75 are reasonable and awarded.

Ty, however, seeks $561.00 for "minimum charge" appearance fees. Ty fails to indicate the length of time the stenographer was used or why a minimum appearance fee was used. Accordingly, Ty may not recover this amount.

*Fees and Disbursements for Printing and Witnesses*

Ty seeks $905.00 in costs for fee and disbursements for printing and witnesses. These costs include: (1) $480.00 to effectuate service on deponents, at $40.00 each;[1] and (2) $425.00 in witness appearance fees at the lesser of $40.00 or the actual appearance fee for each witness.

"Prevailing parties may recover service costs that do not exceed the Marshal Service's fees regardless of who effected service;" and the $40.00 per each deponent served does not exceed the Marshal Service's rate. *Hall*, 2003 U.S. Dist. LEXIS 11220, at *7 (N.D. Ill. July 2, 2003). Accordingly, Ty may recover $480.00 in costs to effectuate service on deponents.

---

[1] It is unclear how much Ty actually requests in fees to serve deponents. To compute the total stated in its Bill of Costs, Ty used $45.00 per each deponent served. However, in other places, Ty stated that they only sought $40.00 per each deponent served. Because it cannot be reasonably determined which amount Ty is seeking, it can only recover the lesser amount.

5

Ty, pursuant to 28 U.S.C. § 1821(b), also seeks witness appearance fees of the lesser of $40.00 or the actual appearance fees paid to the witnesses. Witness fees are recoverable under § 1920. *See, e.g., Chicago Coll. of Osteopathic Med. v. George A. Fuller Co.*, 801 F.2d 908, 909-10 (7th Cir. 1986). Section 1821 authorizes $40.00 per witness. Therefore, Ty's request for $425.00 for the eleven witnesses who were paid appearance fees is reasonable.

*Copies*

Ty seeks $9,977.59 for copies files with the Court, copies served on Peaceable during discovery, copies of demonstrative exhibits, and copies of trial exhibits. A party may recover costs of copies provided to the Court and opposing counsel. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Copy rates of $0.10 to $0.20 have been found to be reasonable. *McDonald v. Village of Winnetka*, No. 00 C 3199, 2003 U.S. Dist. LEXIS 7204, at * 6 (N.D. Ill. Apr. 30, 2003).

Copies of Filings with the Court

Ty's Bill of Costs shows that 4,160 pages were for filings with the Court. Two copies of each page were made – one for the Court and one for Peaceable.[2] This amount works out to 8,320 copies, for a total of $832.00. Therefore, this total is reasonable and Ty will be granted $832.00

Copies for Discovery

Ty requests $731.82 for copies of documents Ty produced in the normal course of discovery for Peaceable. These copies were made at either $0.10 a page or $0.14 a page. These

---

[2]Ty's presents confusing copy costs. In its argument, Ty seeks $0.13 a copy at some places. In its table, Ty seeks only $0.10 for all its copies. Because it cannot be reasonably determined which amount Ty is seeking, it can only recover the lesser amount.

6

amounts are reasonable, and Ty will be awarded all $731.82.

Ty seeks $3,362.66 for copies of documents relating to expert reports. This amount includes: 360 pages copied at either $0.10 or $0.13 a page for the expert reports, for a total of $45.80; and 12,242 pages copied at $0.13 a page for the documents that support the experts' reports, for a total of $1,591.46. These amounts are reasonable, and Ty will be granted $1,637.26.

However, included in the $3,362.66 Ty seeks to recover for copies relating to experts' reports is $1,725.40 for charges incurred by Ty to copy the whole report of Peaceable's expert, Laren Ukman. This report was over 12,000 pages. Ty claims they need to copy the whole report to fully investigate its basis and to prepare to cross-examine Ukman at trial. However, as Peaceable notes, Ty could have copied only the documents it needed. Ty failed to make this showing; therefore, it cannot be reasonably determined whether this expense was reasonably incurred. Accordingly, Ty cannot recover the $ 1,725.40 for charges incurred by Ty to copy the whole report of Ukman.

## Copies of Exhibits

Ty also requests $441.75 in costs to copy color demonstrative exhibits. The pretrial order in this case, due before the pre-trial conference that was scheduled on August 27, 2003, required Ty to include a list of demonstrative exhibits. For most of the exhibits, Ty made three copies of each exhibit – one for the jury, one for the Court, and one for Peaceable. Ty paid $2.50 for the first color copy and $1.00 for each additional copy. Eighty-four pages were copied for these exhibits. In addition, Ty also made one copy of a 102-page exhibit at $0.63 per page. Peaceable did not object to the cost of these copies, and the full $441.75 is recoverable.

Finally, Ty seeks $4,510.70 in costs to copy trial exhibits. According to Ty, when these items were copied, the trial was imminent. However, as Peaceable notes, no trial ever occurred in this case. In addition, summary judgment was granted to Ty on August 27, 2003; the trial was not scheduled to occur until over three weeks later, on September 22, 2003. Therefore, this cost was not reasonably incurred and is not recoverable.

## CONCLUSION

For the foregoing reasons, Ty's Motion for Costs and Bill of Costs is granted in part and denied in part. Ty is awarded $19,895.51 in costs.

Dated: December 17, 2003

JOHN W. DARRAH
United States District Judge