UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEACEABLE PLANET, INC., a Georgia Corporation, | ) ) ) ) Civil Action No. 01 CV 7350 |
| Plaintiff, | ) ) Judge John W. Darrah |
| v. | ) ) Magistrate Judge Nan R. Nolan |
| TY, INC., a Delaware Corporation, | ) ) ) |
| and | ) ) Jury Trial Demanded |
| H. TY WARNER, an Individual Illinois Resident | ) ) ) |
| Defendants. | ) ) |

**DOCKETED MAY 2 4 2004**

## PEACEABLE PLANET'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING ANTICIPATED CERTIORARI

Defendants' motion to stay the case should be denied, and the case should proceed to trial as soon as possible. The motion is nothing more than another attempt by defendants to put off Peaceable's day in Court for defendants' wrongful actions which began *over four years ago* in 2000.

Despite the fact that Ty sold its last NILES camel in 2001, defendants continue to use the infringing NILES trademark on Ty's Internet website today. Defendants also falsely advertise on Ty's website Ty's ownership of virtually all of the trademarks used on Ty's website, without excepting the NILES trademark, which the 7th Circuit resolved was owned by Peaceable. Defendants obviously have no respect for the trademarks of other companies, or the rulings of

the Federal Courts. Staying the case will serve to only embolden defendants further, and prejudice Peaceable by prolonging these ongoing tortious actions.

The Court should respect the Court of Appeals' decision. As well, the Court should recognize that defendants have little chance on petition for certiorari.

### The Court Should Respect the Court of Appeals' Decision

Peaceable Planet enjoyed significant success on appeal. The Court of Appeals not only reversed on the issue of whether summary judgment was properly granted for Ty on the protectability of the NILES trademark, it resolved many issues previously pending before the District Court. This Court should see that the Court of Appeals cleared the path ahead of this case for trial, and respect the Court of Appeals' decision by scheduling trial as soon as possible:

- As concluded in the appellate opinion, "Peaceable Planet has a valid trademark in the name 'Niles' as applied to its camel." Slip Op. at 11. The court resolved this knowing that Peaceable "sold only a few thousand of its camels in 1999." Slip Op. at 3. As a result, Peaceable has the issues of the ownership and validity of its trademark rights behind it, and the defendants do not have the defenses of lack of trademark rights as defenses for summary judgment, trial or JMOL. The defendants do not have any of the defenses that Peaceable does not have trademark rights as a matter of the volume of its use, the defense that "Niles" is primarily merely a name, or the defense that "Niles" is geographically descriptive. The defendants have lost their summary judgment, and Peaceable has succeeded in its cross-motion for summary judgment. Peaceable has also succeeded on the included issue of the volume of use.

- As concluded in the appellate opinion, "Peaceable Planet did present enough admissible evidence [on likelihood of confusion] to create a triable issue ... It is an issue for trial."

Slip Op. at 13. Thus, Peaceable Planet's case is insulated from defendants' summary judgment motion against Peaceable directed to likelihood of confusion, and insulated against JMOL trusting that Peaceable gains a jury verdict in its favor.

- In describing the admissible evidence on likelihood of confusion, the appellate opinion concluded the following was admissible evidence: "the similarity of the products, the identity of the marks, the disparity in the fame of the respective producers, and the fact that Ty flooded the market ... and advertised the camel on its popular website, and that traffic on Peaceable Planet's website soared 600 percent after Ty announced the launching of its Niles." Slip Op. at 13. Thus, Peaceable's case is insulated against any motion in limine or objection at trial that any of this evidence is not admissible.

- As concluded in the appellate opinion, if Peaceable proves its reverse confusion[1] case, then "Peaceable Planet will have suffered injury by losing 'the value of the trademark - its product identity, corporate identity, control over its goodwill and reputation, and ability to move into new markets ... and so will be entitled to a remedy." Slip Op. at 11-12. Thus, Peaceable's case is insulated against summary judgment or JMOL against Peaceable getting a remedy for its injury, when it proves its case.

- As concluded in the appellate opinion, because defendants did not argue that the dismissal of other claims should be affirmed on other grounds, Peaceable's case is insulated against summary judgment and JMOL against Peaceable as to these other claims as well. Slip Op. at 15.

---

[1] To the extent the Seventh Circuit concluded that Peaceable's reverse confusion claim based on "pirating" Ty's NILES trademark and/or product is properly a defamation claim instead, that claim remains in the case as Peaceable presented the claim alternatively as a defamation claim in the Amended Final Pretrial Order dated Aug. 6, 2003. *See* Docket #167 at Exhibit M, pp. 12-13 (Plaintiff's Trial Brief); Exhibit O, p. 72 (Plaintiff's Proposed Jury Instructions). The Amended Final Pretrial Order, which this Court approved on August 18, 2003, supersedes the pleadings. *Erff v. Markhon Indus., Inc.*, 781 F.2d 613, 617 (7th Cir. 1986). *Ash v. Wallenmeyer*, 879 F.2d 272, 274 (7th Cir. 1989).

3

- Last for now, as concluded in the appellate opinion, "there is some evidence that Warner may have been personally involved in the decision to use the name Niles on a toy camel," slip op. at 14, and as concluded in the opinion, "if so he may be ... a joint tortfeasor," id. Thus, Peaceable Planet's case is insulated against summary judgment as to its claim against Ty Warner and JMOL as to Mr. Warner's personal liability trusting it gains the jury verdict it seeks.

In light of these rulings by the Seventh Circuit, the Court should see that the Court of Appeals has cleared the path for the trial of this case, and should schedule trial as soon as possible.

### Defendants Have Little Chance on Certiorari

The United States Supreme Court has discretion to take or not take defendants' petition. Undoubtedly it will not take the petition. Defendants cannot demonstrate a sharp dispute among the circuits, or any of the other grounds for grant of certiorari. Despite defendants' creative phrasing, the Court of Appeals did not articulate a previously unknown exception to well-established rules about personal names. The Court of Appeals instead followed the existing body of law – the Court followed, for example, the rule that descriptive marks are not protected unless they have acquired secondary meaning. Slip Op. at 3. The Court specifically followed the rule that some names are not protected unless they have acquired secondary meaning, in many situations, such as a man naming his store for himself when his name is "Brook," Slip Op. at 4, naming bars with common names such as "Steve's," Slip Op. at 5, and names for neighborhood figures, again such as "Steve," Slip. Op. at 5. The Court then explicitly followed leading Second Circuit and Sixth Circuit cases in its decision. Slip Op. at 5 (*Lane Capital Management, Inc. v.*

4

*Lane Capital Management, Inc.*, and *Circuit City Stores, Inc. v. Carmax Stores, Inc.*). The defendants cannot make a certiorari case out of the decision.

### Conclusion

Ty timely knew of Peaceable's trademark rights and chose to obliterate them, repeating Ty's pattern of such abuse of competitors. Peaceable looks forward to presenting its case at trial as soon as possible. Defendants' motion to stay this case should be denied. The Court should respect the Court of Appeals' decision and recognize that defendants have little chance on petition for certiorari.

Dated: May 21, 2004                                    Respectfully submitted,

                                                       By: /s/ Marc S. Cooperman
                                                       Charles W. Shifley (3124826)
                                                       Marc S. Cooperman (6201035)
                                                       Erik S. Maurer (6275467)
                                                       Banner & Witcoff, Ltd.
                                                       10 South Wacker Drive
                                                       30th Floor
                                                       Chicago, Illinois 60606
                                                       (312) 715.1000

                                                       Attorneys for Plaintiff,
                                                       PEACEABLE PLANET, INC.

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PEACEABLE PLANET'S OPPOSITION TO TY'S MOTION TO STAY PENDING CERTIORARI was served via Facsimile and First Class Mail on this 21st day of May, 2004 on the following:

Edward B. Ruff, III
William W. Elinski
Pretzel & Stouffer, Chartered
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606

James P. White, Esq.
Welsh & Katz, Ltd.
120 South Riverside Plaza
22nd Floor
Chicago, Illinois 60606

*[signature]*

6